# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND


KENNETH KAMARA, #93966,          *

Petitioner                      *

v                               *          Civil Action No. ELH-18-1520

JACK KAVANAUGH, Director         *
KIRSTJEN M. NIELSEN,[1]
JEFFERSON B. SESSIONS, III,[2]   *
PATRICIA SCHUPPLE, and
ICE,                            *

Respondents                     *
                               ***


# MEMORANDUM


Petitioner Kenneth Kamara, a citizen of Liberia, has filed a Petition for a Writ of Habeas

Corpus under 28 U.S.C. § 1241. ECF 1. He challenges his detention in immigration custody and

seeks immediate release from the supervision of the United States Immigration and Customs

Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), or home

monitoring. *Id.* Kamara alleges that he has been detained at Howard County Detention Center

following a final order of removal from this country, and asserts that the length of his detention

surpasses the presumptively reasonable period of time for detention pending removal under

*Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.*

---

[1] On December 6, 2017, Kirstjen M. Nielssen was sworn in as Secretary of the Department of Homeland Security, replacing Jeh Johnson. Nielsen shall be substituted for Johnson, as a respondent, pursuant to Fed. R. Civ. P. 25(d).

[2] On February 9, 2017, Jefferson B. Sessions, III was sworn in as Attorney General of the United States, replacing Loretta Lynch. Sessions shall be substituted for Lynch, as a respondent, pursuant to Fed. R. Civ. P. 25(d).

Respondents, including the Director of the Howard County Department of Corrections, have moved to dismiss (ECF 6), supported by exhibits. They argue that Kamara has received all the due process to which he is entitled. *Id.* Kamara has filed correspondence that shall be construed as an opposition (ECF 9), and Respondents have filed a reply with an exhibit. ECF 10.

A hearing is not needed to resolve the case. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, the Petition shall be DENIED and DISMISSED without prejudice.

## I.      Background

The following facts are uncontested. Kamara is a native and citizen of Liberia. ECF 6-2, Notice to Appear at 1. He was admitted to the United States in 1991 as a nonimmigrant, and later changed his status to an asylee as a derivative of his father's application. ECF 6-1, Scarberry Decl., ¶ 4. Between 2001 and 2011, Kamara was convicted 12 times on various charges: assault, carrying a prohibited weapon, possession of marijuana, drug possession, disorderly conduct, and probation violations. He was sentenced to various lengths of imprisonment, ranging from zero to five years. ECF 6-2, Record of Deportable/Inadmissible Alien at 15-16.

On September 10, 2012, Kamara was served with a Notice to Appear filed in immigration court and was taken into DHS custody. *Id.*, Notice to Appear at 1-3; Notice of Custody Determination at 4. Based on his 2009 conviction for firearms possession, which resulted in a five-year sentence, DHS charged Kamara as removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"). *Id.*, Notice to Appear at 1-3.

On November 27, 2012, an immigration judge ("IJ") ordered Kamara removed as charged. *Id.*, Removal Order at 5-6. Kamara waived appeal to the Board of Immigration Appeals ("BIA"), making the removal order final. *Id.*, Notice to Appear at 1; Record of

Deportable/Inadmissible Alien at 17 (no appeals to date on file with the BIA); ECF 1 at 5, ¶11(c).

On March 27, 2013, DHS determined that Kamara remain in detention pending his removal, citing his criminal convictions and the IJ's removal decision. ECF 6-2, Decision to Continue Detention at 7-9. On August 23, 2013, DHS determined it appropriate to release Kamara from custody, under supervision. *Id*., Release Notification at 10-11; Order of Supervision at 12-13. Kamara was advised that if he violated his probation or parole requirements, he could be taken back into custody. *Id*., Release Notification at 10.

In February 2017, Kamara was arrested in Baltimore County, Maryland on a bench warrant. *Id*., Record of Deportable/Inadmissible Alien at 16. ICE determined this arrest violated Kamara's immigration supervision requirements and it lodged a detainer. *Id*. Kamara was released to ICE custody without bond on February 21, 2018. *Id*. at 16-17.

On March 13, 2018, DHS served Petitioner with a warning for failure to cooperate with ICE in effecting his removal from the United States. *Id*., Warning for Failure to Depart at 18-19. On May 22, 2018, ICE determined that Kamara should remain in immigration custody pursuant to his final removal order. *Id*., Notice to Alien of File Custody Review at 20; Decision to Continue Detention at 21.

Kamara filed the instant action on May 24, 2018. ECF 1. Since then, ICE has twice informed him that his detention will continue while ICE works with the government of Liberia to obtain Kamara's travel documents. *Id.,* Proof of Service of Decision to Continue Detention at 22; ECF 6-1 at 1-4, Decl. of Deportation Officer David Scarberry; ECF 6-1 at 5-6, Decision to Continue Detention, 6/14/18.

Kamara opposes Respondents' motion, stating that no travel documents have been issued. ECF 9 at 1. However, on July 19, 2018, the travel certificate was issued by the Embassy of Liberia. ECF 10-1, travel document.

## II. Discussion

As of August 22, 2018, Kamara will have been in detention for six months after his removal period began. ECF 9 at 2. As such, his habeas challenge to his detention under 18 U.S.C. § 1231 has just become ripe.

The decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) governs whether an alien's detention pending removal is constitutional. In *Zadvydas*, the Supreme Court held that post-removal-order detention under 8 U.S.C. §1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. In sum, the Court found that after an order of deportation became final, an alien may be held for a six-month period. The Court said, *id.* at 700:

> Once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

The purpose of detaining a deportable alien is to insure his presence at the time of removal. *See id.* at 697–99. In cases where it is unlikely that removal will occur, detention of the alien no longer serves this purpose. *See Clark v. Martinez*, 543 U.S. 371, 384 (2005) (where repatriation negotiations for removal of inadmissible aliens to Cuba had ceased, removal was not reasonably foreseeable).

Here, travel documents have been obtained, and Kamara's removal is imminent. As such, Kamara cannot meet his burden of showing no significant likelihood of removal in the reasonably foreseeable future.

The Court finds no constitutional violation associated with Kamara's detention. For these reasons, the Petition under 28 U.S.C. § 2241 shall be denied and dismissed by separate Order to follow.

Date: <u>August 22, 2018</u>                          _____/s/_____

Ellen L. Hollander
United States District Judge